IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL
CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 20-CA-008541

LAS BRISAS CONDOMINIUM HOMES
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

vs.

EMPIRE INDEMNITY INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR BAD FAITH

Plaintiff, LAS BRISAS CONDOMINIUM HOMES CONDOMINIUM ASSOCIATION, INC., by and through the undersigned counsel hereby files this Complaint for Bad Faith and Demand for Jury Trial against Defendant, EMPIRE INDEMNITY INSURANCE COMPANY, and as grounds therefore would state as follows:

### GENERAL ALLEGATIONS

1. The amount in controversy in this action exceeds the sum of Thirty Thousand and 00/100 ($30,000.00) Dollars, exclusive of pre-judgment interest, court costs, and attorney fees.

2. At all times relevant hereto, Plaintiff was and is the owner of the property located in Lee County at the addresses 9050, 9060, 9070 Palmas Grandes Boulevard, Bonita Springs, Florida 34135 and 28060 Palmas Grandes Lane, Bonita Springs, Florida 34135.

3. Upon information and belief, at all times relevant hereto, Defendant is and was a Florida Corporation doing business in the State of Florida, including Lee County.

4.     Upon information and belief, Defendant is an authorized insurance carrier by the State of Florida to engage in the business of insurance with Plaintiff.

5.     In consideration of the premium paid by Plaintiff, Defendant issued to Plaintiff in Lee County, Florida, a Policy of Insurance, Policy No. ECL9490372-04, which was in full force and effect at the time the damage occurred to the insured premises located at 9050, 9060, 9070 Palmas Grandes Boulevard, Bonita Springs, Florida 34135 and 28060 Palmas Grandes Lane, Bonita Springs, Florida 34135, of or about September 10, 2017. **A copy of the applicable Commercial Lines Policy is attached hereto as Exhibit "A."**

6.     Jurisdiction and venue are proper before this Court.

7.     On or about September 10, 2017, the subject property was damaged as a result of a Hurricane Irma loss event, which is a covered peril under the Policy.

8.     Plaintiff timely submitted the insurance claim to Defendant.

9.     Defendant assigned claim number 5630013280 to the loss.

10.    All conditions precedent to obtaining payment of insurance benefits under the Policy issued by Defendant have been complied with, met, or waived.

11.    Plaintiff made an application for benefits under the policy, but Defendant, refused to pay all of the benefits owed to Plaintiff for the subject loss.

12.    Defendant originally accepted coverage for the claim but failed to adequately assess and pay for all damages sustained as a result of the subject loss.

13.    Defendant wrongfully failed and refused to promptly tender all insurance benefits due and owing to Plaintiff.

14.    As a result, Plaintiff filed, as a condition precedent to the instant action, a Civil Remedy Notice of Insurer Violations dated September 20, 2018, with the Florida

Department of Financial Services. **A copy of the filing for the Civil Remedy Notice of Insurer Violations is attached hereto as Exhibit "B."** Same was sent to Defendant by email and Certified Mail, Return Receipt Requested. **See correspondence dated September 20, 2018 attached hereto as Exhibit "C."**

15. Section 624.155(2)(d), Florida Statutes, provides: "(d) No action shall lie if, within 60 days after filing notice, the damages are paid or the circumstances giving rise to the violations are corrected."

16. In a letter dated August 7, 2019, Defendant invoked the Appraisal provision of the subject policy. **A copy of the August 7, 2019 letter is attached hereto as Exhibit "D."**

17. Plaintiff and Defendant engaged the appraisal process, which ultimately resulted in an Appraisal Award in favor of Plaintiff. **A copy of the Appraisal of Insurance Claim – Award Form dated July 8, 2020 attached hereto as Exhibit "E."**

18. Defendant did not pay damages or correct the circumstances within the mandated sixty (60) days of the Civil Remedy Notice of Insurer Violation. *See, Fla. Stat. Sect. 624.155.* More specifically, Defendant failed to tender proper insurance benefits or correct the advised of statutory violation until over a year following the filing of the Civil Remedy Notice of Insurer Violations.

19. An insurance contract is a contract of adhesion and should be construed in the light most favorable to the insured.

20. The concept of insurance is that the insurance is the insurer's granting of prompt indemnity or security against a contingent loss.

21. Inherent in any insurance contract is the premise that payment must be made promptly so that the insured may mitigate the damages and be put back into the position they were prior to the loss as quickly as possible.

22. Florida Statute Section 626.877 entitled, "Adjustments to comply with insurance contract law," states that "[e]very adjuster shall adjust or investigate every claim, damage, of loss made or occurring under an insurance contract, in accordance with the terms and conditions of the contract and of the applicable laws of this state."

23. Florida Statute Section 627.4135 entitled, "Casualty insurance contracts subject to general provisions for insurance contracts," states that "[a]ll contracts of casualty insurance covering subjects business, located, or to be performed in this state shall be subject to the applicable provisions of this part and to the other applicable provisions of this code."

24. In Florida, the work of adjusting insurance claims engages the Public Trust.

### COUNT I – UNFAIR CLAIMS PRACTICES PURSUANT TO FLA. STAT. SECTIONS 624.155 AND 626.9541

25. Plaintiff re-alleges the allegations contained in paragraphs 1 through 27 as if fully set forth herein and further states the following.

26. As a condition of recovery to this action, all underlying contractual issues in the above-noted claim were resolved favorably to Plaintiff. Plaintiff received substantially more in damages at the conclusion of the appraisal process than was ever adjusted previously by Defendant.

27. Defendant did not pay damages or cure the circumstances within sixty (60) days of the Notice of Acceptance of Plaintiff's Civil Remedy Notice of Insurer Violation by the Department of Financial Services, September 20, 2018.

28.     Defendant is engaged in the business of insurance and is subject to the Florida statutes, Florida regulations, and Florida law while involved and engaged in the business of insurance.

29.     Rather than carrying out its contractual, statutory, regulatory, and ethical duties, Defendant committed acts during the adjustment of the claim and underlying appraisal, which were not in "good faith" and were in violation of Florida Statute Sections 624.155(1)(b)(1) and 626.9541 (1)(i) et. seq. These acts include, but are not limited to, the following:

   a. Delaying to adjust Plaintiff's subject claim;
   b. Delaying the adjustment process;
   c. Delaying the appraisal process;
   d. Mishandling of Plaintiff's claim;
   e. Improperly attempting to not pay all covered damages;
   f. Underestimating the value of Plaintiff's claim;
   g. Failing to properly train, supervise, or otherwise manage adjusters, representatives, and investigators of Defendant to properly, and in good faith, investigate and adjust claims so that a prompt and fair evaluation of the claim can be made and proper indemnity be paid, resulting in the failure to timely pay a covered claim;
   h. Failing to adopt and implement standards for the proper investigation of Plaintiff's claim, resulting in the aforementioned conduct;
   i. Misrepresenting and/or omitting pertinent facts related to the coverages and/or facts of the loss at issue, so as to provide an illegitimate basis for

delay of the claim, including the obligations of both the insured and the insurer during the adjustment of this claim;

j. Failing to acknowledge and act promptly upon written and oral communications with respect to the claim, such that Defendant itself caused the delays in adjustment and payment of the claim;

k. Delay of Plaintiff's claim without conducting a reasonable investigation based upon available information;

l. Misuse of the claims handling process to pay less than what is owed so that Defendant reaped profits;

m. Failing to properly supervise its independent adjusters and verify that they were properly trained/licensed; and

n. Failing to supervise the subject claim resulting in, and subjecting Plaintiff to, aggressive tactics.

30. The above conduct demonstrates a failure to comply in good faith with the terms and conditions of the insurance policy.

31. Due to the aforementioned actions, Plaintiff's complained of damages include, but are not limited to:

a. Costs associated with the professional assistance to submitting and maintaining the claim;

b. Interest and pre-judgment interest;

c. Non-taxable costs;

d. Non-reimbursed attorney fees;

e. Costs of appraisal;

f. Other damages according to proof;

g. That Plaintiff has retained the undersigned attorney and have agreed to pay them reasonable fees and costs which are compensable pursuant to Florida Statute Section 624.155, et. seq.

**WHEREFORE**, Plaintiff, LAS BRISAS CONDOMINIUM HOMES CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendant, EMPIRE INDEMNITY INSURANCE COMPANY, for actual and compensatory damages, post judgment interest, pre-judgment interest, costs, attorney fees, disgorge of all unlawful or illegitimate monies Defendant profited by its bad faith claim handling practices or unfair insurance claims practices utilized against its insured, including but not limited to, any interest or monies Defendant made from such unlawful or illegitimate monies, as well as any other damages and relief that are deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 21, 2020

/s/ Shaun J. Marker, Esquire
**SHAUN J. MARKER, ESQUIRE**
Florida Bar No. 0017378
**ROBERT H. GREGORY, ESQUIRE**
Florida Bar No. 0101736
MERLIN LAW GROUP, P.A.
222 Lakeview Avenue, Suite 1250
West Palm Beach, FL 33401
561-855-2120 / 561-249-1283 fax
s.marker@merlinlawgroup.com
rgregory@merlinlawgroup.com
dmyskowski@merlinlawgroup.com
Attorneys for Petitioners