UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAS BRISAS CONDOMINIUM
HOMES CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                                        Case No: 2:21-cv-41-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Empire Indemnity Insurance Company's Motion to Dismiss (Doc. 20). Plaintiff Las Brisas Condominium Association, Inc. responded (Doc. 21). The Court denies the Motion for failure to comply with Local Rule 3.01(g).

This is an insurance bad faith claim. Las Brisas sues Empire for unfair practices under sections 624.155 and 626.9541, Florida Statutes. Empire argues that the Complaint does not satisfy pleading requirements because the allegations are conclusory and lack necessary detail. Empire further disputes

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

the sufficiency of the Civil Remedy Notice that supports this lawsuit. But the Court will not consider Empire's dismissal arguments because—as highlighted by Las Brisas—Empire violated Local Rule 3.01(g) in seeking affirmative relief.

It is clear from Empire's Motion that Empire did not heed the Court's previous Order (Doc. 19) denying Empire's first Motion to Dismiss (Doc. 14). That endorsed Order was short and clear: "The parties are reminded to *review the new Local Rules* (effective February 1), which now require conferrals on motions to dismiss. The Court cannot overstate the importance of Local Rule 3.01(g) in helping avoid needless litigation, fostering communication between the parties, and helping to resolve disputes without court intervention." (Doc. 19 (emphasis added)).

Empire then waited thirteen days from entry of that Order (Doc. 19)—plenty of time to review Local Rule 3.01(g) and the undersigned's preferences before conferring with Las Brisas—to file its second Motion to Dismiss (Doc. 20). Yet that Motion appears nearly identical to Empire's first Motion to Dismiss, adding just three sentences at the end and remaining noncompliant with Local Rule 3.01(g).

Local Rule 3.01(g) is explicit in its requirements:

> At the end of the motion and under the heading *"Local Rule 3.01(g) Certification,"* the movant: (A) must certify that the movant has conferred with the opposing party, (B) must state whether the

2

> parties agree on the resolution of all or part of the motion, and (C) *if the motion is opposed, must explain the means by which the conference occurred.*

Local Rule 3.01(g) (emphasis added).  Empire's Motion lacks a heading titled "Local Rule 3.01(g) Certification" and, despite being opposed, fails to explain the means of communication with counsel.

More perplexing than Empire's continued disregard for the Local Rules and the Court's Order is the apparent disagreement by Las Brisas with Empire's representation that counsel conferred.  Empire claims the parties could not agree.  Las Brisas suggests they never conferred.  This disagreement is troubling.  One of the litigants seems to be misrepresenting things.

Local Rule 3.01(g)'s good-faith conferral encourages resolution and helps avoid needless litigation.  The undersigned's preferences, available online, discuss the importance of the rule and the consequences of noncompliance.  These preferences warn that "failure to comply with the rule will result in the court denying or striking the motion."  So the Court denies Empire's Motion without prejudice.  And the Court again directs both parties to *carefully* read and re-read the new Local Rules before making a good faith effort to comply with them.

Continued failure to comply with the Local Rules will lead to denial or striking of future motions without further notice.  If Empire wishes to seek relief from the Court, it must file an appropriate motion in accordance with the

Federal Rules of Civil Procedure and Local Rules. The Court urges the litigants to confer before any new dismissal motion is filed and to sort out any possible issues consistent with the spirit of Local Rule 3.01(g).

Accordingly, it is now

**ORDERED:**

The Motion (Doc. 20) is **DENIED without prejudice** for failure to comply with Local Rule 3.01(g). Empire will have until **April 9, 2021** to file a proper motion to dismiss or, if it chooses, a response to the Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on April 2, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4