UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAS BRISAS CONDOMINIUM
HOMES CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                                          Case No: 2:21-cv-41-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.
_____/

### ORDER[1]

Before the Court is Defendant Empire Indemnity Insurance Company's Second Amended Motion to Dismiss (Doc. 31), to which Plaintiff Las Brisas Condominium Association, Inc. has responded (Doc. 32). For the below reasons, the Court denies the motion.

### BACKGROUND

This insurance dispute follows Hurricane Irma damaging Las Brisas' property that Empire insured. Las Brisas submitted a timely insurance claim that Defendant refused to pay. Dissatisfied with Empire's refusal, Las Brisas

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

filed a Civil Remedy Notice of Insurer Violations ("CRN") with the Florida Department of Financial Services on September 20, 2018. (Doc. 4-2; *see also* Doc. 4-3). Empire then invoked appraisal, which ended in Las Brisas' favor. (Doc. 4-5).

Las Brisas now sues Empire for bad faith under Fla. Stat. §§ 624.155 and 626.9541. It alleges that Defendant did not pay its covered damages and did not timely correct its unlawful inaction after Las Brisas filed the CRN. (Doc. 1). Empire moves to dismiss the Complaint for failure to state a plausible bad faith claim.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted).

In considering a motion to dismiss, courts must accept all factual allegations in the complaint as true and take them in the light most favorable to the plaintiff. See *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). But acceptance of a complaint's allegations is limited to well-pled allegations. See *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

Empire makes three arguments for dismissal. First, it argues the Complaint's allegations are conclusory and lack details to support a punitive damage claim. But the Complaint never mentions punitive damages. (Doc. 4). And Las Brisas confirms so in its response. (Doc. 32 at 3). Were Las Brisas to seek punitive damages in a later pleading, then Empire can challenge the specificity. Until then, Empire's argument is premature.

Second, Empire argues the Complaint makes conclusory allegations of bad faith. The Court disagrees. Although the Complaint does not provide many details, it need not. Fed. R. Civ. P. 8(a). Here, the Complaint's allegations and attached exhibits give enough facts to assert a plausible claim. For example, Las Brisas describes its claim (including property, source of loss, policy, and claim number) and Empire's refusal to pay benefits after originally accepting coverage. (Doc. 4 at 2). Las Brisas then describes its submission of the CRN, Empire's appraisal demand, the resulting appraisal award in Las

Brisas' favor, and Empire's failure to timely honor the appraisal award. (Doc. 4 at 2-3). In support, Las Brisas attaches the relevant insurance policy (Doc. 4-1), the CRN (Doc. 4-2), a letter relating to the CRN (Doc. 4-3), correspondence relating to the appraisal demand and award (Doc. 4-4), and the appraisal award (Doc. 4-5). The Complaint also alleges each element of a claim for bad faith. Read together, the Complaint and exhibits leave no doubt as to the dispute at issue.

Third, Empire attacks the CRN's sufficiency. It argues the CRN fails to identify with specificity the Florida law that Empire allegedly violated and the policy term it allegedly breached. (Doc. 4-2); *see* Fla. Stat. § 624.155(3)(b)(1) (requiring a CRN to state with specificity "[t]he statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated); Fla. Stat. § 624.155(3)(b)(4) (requiring the notice to state with specificity "[r]eference to specific policy language that is relevant to the violation, if any"). Empire argues so because the CRN is a prerequisite to Las Brisas' bad faith claim. *See* Fla. Stat. § 624.155(3)(a). This means, according to Empire, that submitting a defective CRN prompts dismissal of this suit.

In reviewing the CRN attached to the Complaint, Las Brias identifies two subsections of Fla. Stat. § 624.155(b) and five subsections of § 626.9541(1) that Empire allegedly violated and the facts supporting those violations. (Doc.

4

4-2 at 2-3). It also lists the following policy provisions that Empire purportedly violated:

> Building coverage provisions; additional coverages; ordinance and law; duties in event of loss policy provisions; all terms and conditions of Section I of the insurance policy; the insurance policy's definition section; the insurance policy's exclusion of coverage provisions; loss payment policy provision; ensuing damages provision; the declarations page; we will adjust all losses with you.

(Doc. 4-2 at 2). These provisions are easy enough to identify within the policy. Given the bad faith allegations, multiple policy provisions appear relevant—and were properly cited. And, as explained in Las Brisas' response (Doc. 32 at 6), one must read many of the referenced sections together to understand fully the alleged policy breach. While the Court believes some sections, such as the definitions section, may not be necessary, their inclusion is reasonable. What is more, the CRN's narrative section explains Las Brisas' concerns about Empire's action (or lack thereof). So it appears, at this early stage of litigation, that the CRN substantially satisfies § 624.155's requirements.

Empire references *Fox v. Starr Indem. & Liability Co.*, No. 8:16-cv-3254-T-23MAP, 2017 WL 1541294 (M.D. Fla. Apr. 28, 2017) for the proposition that Florida courts have dismissed similar bad faith suits where a CRN cites almost every policy provision. (Doc. 31 at 12). Not quite. In *Fox*, the court found that the insurers' notice complied substantially with § 624.155(3)(b) and that the narrative section told the insurer about the insured's concerns. *Id.* at *3. So

*Fox* does not help Empire. In addition, the claimant in *Fox* identified the following insurance provisions in the CRN: building coverage, business income coverage, all coverage provided by endorsement or rider, the declarations page, loss payment or settlement provision, duties in event of loss policy provision, the insurance policy's definition section, the insurance policy's exclusion of coverage provisions, and all insurance policy provisions that provide coverage to the insured. *Id.* at *2. Las Brisas' CRN contains a substantially similar list.

Empire also argues that this case is like *Julien v. United Prop. & Cas. Ins. Co.*, No. 4D19-2763, 2020 WL 5652364 (Fla. App. Ct. Sept. 23, 2020). There, the state court found the CRN referenced fourteen statutory provisions and twenty-one sections of the Florida Administrative Code to be deficient. But this case is distinguishable. Las Brisas' CRN cited seven statutory provisions and eleven policy sections—a fraction of what was cited in *Julien*. Las Brisas simply did not adopt the "kitchen sink" approach implemented in *Julien*.

The final case that Empire cites—but provides no analysis—is *Pin-Pon Corp. v. Landmark Am. Ins. Co.*, 465 F. Supp. 3d 1227 (S.D. Fla. 2020). There, the district court initially dismissed a bad faith claim. But the dismissal was later vacated on reconsideration. *See Pin-Pon Corp. v. Landmark Am. Ins. Co.*, No. 20-14013-CV-MIDDLEBROOKS, 2020 WL 6588379, at *9 (S.D. Fla. Nov. 10 2020). In reconsidering its decision, the district court stated:

> I find that strict construction of § 624.155 demands a specificity level of compliance with the requisite provision of information to the Department and the insurer. However, failure to strictly comply with this specificity standard will not foreclose a statutory bad faith action where (1) Form DFS-10-363 contains a purely technical defect in the identifying information; ([2]) the insured substantially complied with the specificity standard; (3) the insurer received actual, fair notice in furtherance of the purpose of the statute's notice requirement; (4) and the insurer was not prejudiced by the technical defect.

*Id.* at *7. Following this reasoning, Empire loses even if the CRN's references to the eleven policy provisions did not meet the specificity standard. That is because Las Brisas' CRN is on the standard form and follows the instructions to simply list the statutory provisions the insurer allegedly violated. (Doc. 4-2 at 2). From there, Las Brisas also gave a short description of the subsection of each provision alleged to have been violated. (Doc. 4-2 at 2). So, the CRN's references to eleven policy sections and seven statutory subsections, coupled with the narrative describing underlying facts sufficiently put Empire on notice of Las Brisas' concerns and the mitigating action Las Brisas sought. Indeed, Empire received fair notice of Las Brisas' issues and was not prejudiced by any technical defect. The Court thus denies Empire's motion.

Accordingly, it is now

**ORDERED:**

1. Defendant Empire Indemnity Insurance Company's Second Amended Motion to Dismiss (Doc. 31) is **DENIED**.

7

2. Empire must answer the Complaint on or before **May 10, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 26, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record