**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | | |
|---|---|---|
| LAS BRISAS CONDOMINIUM HOMES CONDOMINIUM ASSOCIATION, INC., | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 2:21-cv-00041-SPC-MRM |
| EMPIRE INDEMNITY INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**NON-PARTY VERTEX'S MOTION TO QUASH SUBPOENA, OPPOSITION TO PLAINTIFF'S SECOND AMENDED MOTION TO COMPEL, AND MOTION FOR PROTECTIVE ORDER**

COMES NOW The Vertex Companies, LLC ("Vertex"), non-party, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45, requesting that this Court deny Plaintiff Las Brisas Condominium Homes Condominium Assn., Inc.'s ("Las Brisas") Second Amended Motion to Compel Compliance with Subpoena (**ECF 122**, or the "Motion") as neither factually nor legally supported, grant the foregoing motion to quash Las Brisas' facially overbroad and unduly burdensome subpoena, and grant the other relief requested below, and in support stating as follows:

## INTRODUCTION

Las Brisas seeks to compel compliance with a facially overbroad subpoena (**ECF 122-2**, or the "Subpoena"), which seeks documents in the possession of a party, Defendant Empire Indemnity Ins. Co. ("Empire"), and seeks more than what this Court has already denied Las Brisas in a prior ruling (**ECF 88**). Las Brisas seeks these documents from a non-party, ostensibly in an effort to avoid addressing the Court's prior ruling or further litigating with Empire on the breadth of discovery permitted by Fed. R. Civ. P. 26(b). Las Brisas filed its Motion without legal or factual support and filed its Motion in the wrong District Court.[1] Las Brisas' Motion must be denied and for the reasons stated herein, the Subpoena must be quashed.

## Relevant Procedural History

1. This is a bad faith action brought by Las Brisas against its property insurance carrier, Empire.

[1] The Subpoena demands production to Las Brisas in West Palm Beach, Florida, which is in the Southern District and is where the Motion was required to be filed. *See* Fed. R. Civ. P. 45(d)(4); *See aslo Starr Indem. & Liab. Co. v. CSX Transportation, Inc., No. 3:14-CV-1455-J-39JBT, 2015 WL 12862918, at *1 (M.D. Fla. Sept. 29, 2015)* (holding "[b]ecause Middle District of Florida is not the district where compliance is required, the Motion is improperly filed in this Court).

2. On March 10, 2021, Las Brisas served its First Request for Production upon Empire. Empire filed objections and Las Brisas filed a Motion to Compel (the "First MTC"). (*See* **ECF 45)**

3. On December 27, 2021, this Court entered a Docket Order, denying without prejudice the First MTC, explaining to Las Brisas the parameters of Fed. R. Civ. P. 26(b)(1), and highlighting that Las Brisas has already received all documents pertaining to their claim. Nonetheless, the Court invited Las Brisas to renew their motion as to any issues that might remain, after meeting their obligations under M.D. Fla. R. 3.01(g). (*See* **ECF 88)**.

4. On March 11, 2022, instead of renewing its motion or seeking reconsideration or other relief related to the Court's December 27, 2012 order, Las Brisas issued the subject Subpoena commanding Vertex, a non-party, to produce material Las Brisas could have sought from Empire, and part-and-parcel to that which Las Brisas was previously denied in ECF 88. Instead, Las Brisas vastly expanded the scope of its request, beyond Las Brisas' own insurance claim, to any and all insurance claims related to tile roofs stemming from Hurricane Irma in which Empire utilized Vertex's services. Specifically, the Subpoena demanded that Vertex produce:

> **Any and all files** pertaining to: Your retention by Empire Indemnity Insurance Company and/or Zurich American Insurance Company for insurance claims related to

> damage to tile roofs stemming from Hurricane Irma in Florida. Such information includes, but is not limited to, **any and all** correspondence, reports, photographs, notes, memoranda, emails with **any person** or party, text messages, billing information, billing records, estimates, invoices, telephone messages, telephone logs, involving your work related to these projects.

*See* Exhibit B to the Motion (emphasis added).

5. As such, instead of making the effort to litigate and get the necessary ruling(s) from this Court to obtain these expansive documents and information from Empire, or otherwise obtain a proper determination that it is entitled to such expansive documents and information related to myriad claims having nothing to do with its own, Las Brisas issued the Subpoena.

## <u>Relevant Facts</u>

6. Vertex is a forensic engineering and other professional services firm that provides claim investigation services to Empire, its parent company, Zurich American Insurance Co. ("Zurich"), and other clients. Declaration of Ms. Dana Murphy, Esq., Senior Legal Counsel for Vertex, attached hereto as Exhibit "A" ("Vertex Decl."), at ¶ ¶ 1-3.

7. Vertex's project file for each claim is typically comprised of hundreds or thousands of pages, and the files, along with other documents requested in the Subpoena, are also in Empire's possession, as Empire receives them in the course of Vertex's contracted work. Vertex Decl. at ¶ 4.

8. The documents requested in the Subpoena contain:

a. documents and information subject to contractual confidentiality provisions with Empire and Zurich;

b. private personal information (*e.g.*, names, addresses, telephone numbers) of Empire and/or Zurich's insureds, concerning which Empire and/or Zurich have confidentiality obligations to their insureds;

c. privileged and otherwise confidential correspondence and information, such as insureds' correspondence with their carrier-appointed counsel and correspondence with Vertex serving as consulting expert to attorneys; and,

d. documents and information prohibited from disclosure by Vertex company policy.

Vertex Decl. at ¶ 4.

9. To fully comply with the Subpoena, Vertex would need to:

a. locate each responsive project file, most of which, due to age, will likely have been moved to Vertex's archive server, which would require Vertex to locate and move each archived file back to the main server in order to have access to the files;

b. carefully review each project file, each typically comprised of hundreds or thousands of pages, to determine whether the individual loss claims

relate to Hurricane Irma and tile roof damage, while simultaneously evaluating the files for confidential, personal / private, privileged, proprietary, and non-responsive material;

c. identify "any person" associated with or mentioned within the project files and contact every Vertex employee, past and present, to determine if they have "e-mails", "any text messages" or "voicemails" so related, and then obtain, review for confidentiality, privacy, privilege, and responsiveness, store, and compile for production the appropriate material;

d. cross-reference all claims through multiple Vertex departments in order to compile responsive "invoices" and "billing records," only to further review such documents and redact insured names, addresses, and other private information, along with prices, rates, estimates, budgets, and other confidential and/or proprietary research, development, and/or commercial information; and,

e. Obtain the required consent and authorization from Empire and/or Zurich and their insureds with respect to all identified confidential, private, and/or privileged documents and information responsive to the Subpoena.

Vertex Decl. at ¶ 5.

10. With the above in mind, after receiving the Subpoena, on April 12, 2022, Vertex provided a client portal-link, containing its good-faith production of documents related to Las Brisas' claim, to Las Brisas' Counsel. Vertex Decl. at ¶ 7.

11. A month later, on May 10, 2022, Las Brisas asked Vertex to provide another link with access to the documents, as Las Brisas had not yet accessed the production and the initial link had expired. Vertex Decl. at ¶ 8.

12. Again, Vertex transmitted a client portal link to Las Brisas with the production. Vertex Decl. at ¶ 8.

13. On May 19, 2022, Las Brisas' counsel demanded complete production under the Subpoena. Vertex Decl. at ¶ 9.

14. Vertex promptly spoke with and advised Las Brisas' counsel of the inordinate expense and burden associated with complete production under the Subpoena, the fact that the same documents can be obtained from Empire, and otherwise advised Las Brisas of its objections to complete production. Vertex Decl. at ¶ 9.

15. Vertex has worked in good-faith with Las Brisas' counsel, repeatedly explaining Vertex's objections to further production under the Subpoena, articulating the burdensome nature of the request, and explaining the confidential nature of the material, which could and should be sought from a party to the case, Empire, who (unlike Vertex) has the authority and/or ability to release the

contractually confidential information and/or contact their insureds about the production of protected information. Vertex Decl. at ¶ 7-10.

## ARGUMENT

When a non-party receives a subpoena to which it objects, the non-party can (1) seek to quash or modify the subpoena under Fed. R. Civ. P. 45(c)(3)(A); (2) request a protective order under Fed. R. Civ. P. 26(c); or (3) object to the production of documents by opposing a motion to compel under Fed. R. Civ. P. 45(c)(2)(B*).* *Daddio v. Norwood, No.* 605CV1499ORL19JGG, 2006 WL 8439454, at *3 (M.D. Fla. Jan. 26, 2006). For the reasons below, non-party Vertex is entitled to these forms of relief, and the Court should deny the Motion, which is devoid of factual and legal support, and quash the facially overbroad Subpoena, which was served upon Vertex to avoid litigation with the Defendant.

### I. VERTEX'S MOTION TO QUASH THE SUBPOENA

Despite Las Brisas' representation that "Vertex has waived any objections it may have to the Subpoena" (Motion at ¶ 11) in the hopes of a technical windfall at the expense of Vertex, Las Brisas fails to alert the Court to the collaborative process and stated objections Vertex provided to Las Brisas' counsel (Vertex Decl. at ¶¶ 6-9). Nonetheless, it is well-settled that where the Court finds "good cause" exists, a failure of a party to timely file a motion to quash under Rule 45 "will not bar a court's consideration of objections." *Centennial Bank v. Servisfirst Bank Inc*., No. 8:16-CV-

88-T-36JSS, 2016 WL 4163560, at *4 (M.D. Fla. Aug. 5, 2016); *Schaaf v. SmithKline Beecham Corp.*, No. 3:06CV120 J25TEM, 2006 WL 2246146, at *2 (M.D. Fla. Aug. 4, 2006).

In the Middle District of Florida, courts routinely evaluate whether "good cause" exists by analytically framing the facts within the following factors: (1) whether the subpoena is facially overbroad; (2) whether contact between the parties relating to compliance with the subpoena prior to filing an untimely motion to quash occurred; (3) whether an undue burden is likely to be imposed by the subpoena; and (4) whether the subpoena is directed to a non-party. *Centennial Bank,* supra*; Shaaf,* supra. This factorial framework is similarly applied in District Courts throughout the United States. *See, e.g., Hogan v. Cleveland Ave Rest. Inc.*, No. 2:15-CV-2883, 2016 WL 7467968 (S.D. Ohio Dec. 28, 2016) (concluding the foregoing factors necessitated a "good cause" finding and granting untimely motion to quash); *see also Alabama Aircraft Indus., Inc. v. Boeing Co.,* No. 2:11-CV-03577-RDP, 2017 WL 4585582, at (N.D. Ala. Apr. 25, 2017).

In this case, all the "good cause" factors are satisfied, and this Court should address the substance of the Subpoena by considering Vertex's objections and quash or modify the Subpoena as requested below.

*1. The Subpoena is overbroad on its face and this alone justifies granting Vertex's motion to quash.*

In *Schaaf*, the Plaintiff sought "[a]ny and all" documents which were identified as related to the Defendants in that case, in the possession, custody or control of the non-party subpoena recipient, limited by "used within the last ten (10) years." *Schaaf*, WL 2246146, at *1. The Court held that the request was "overly broad on its face." *Id*. at 2. Similarly, in *American Insurance Co. v. Veteran's Support Org*., 166 F. Supp. 3d 1303 (S.D. Fla. 2015), the subpoena proponent demanded a non-party produce an investigative file spanning a three (3) year timeframe, and when balanced against the status of the subpoena recipient as a non-party, the Court held that "the breadth of the discovery requests and the time period covered by the requests also militate in favor of non-disclosure." *Id* at 1312.

Like the subpoena proponents in *Schaaf* and *American Insurance Co.*, Las Brisas seeks "any and all files" related to the Defendant in this case, from a non-party, spanning five (5) years. Las Brisas' request is intentionally overbroad, casting as wide a net as possible. Las Brisas fails to fairly identify documents actually sought, with any degree of particularity, illustrative of the operative purpose to which the Subpoena serves, a fishing expedition. *Schaaf* at 2.

Unlike the limits set-forth by the subpoena proponent in *Schaaf*, Las Brisas expands its net further by casting for "any and all documents" to include emails with "any person." Las Brisas neither qualifies nor identifies the "person" and has demanded Vertex to produce "any email" between any of its 701 employees (Vertex

Decl. at ¶ 3) with "any person," conditioned only upon the context of Vertex's work related to Hurricane Irma roof claims. Las Brisas goes on to ask for any and all text messages, between the unidentified "any person" with any of Vertex's employees. These subpoena requests are far more expansive than the "any and all communications and/or documents related to the Texas AG's investigation of VSO" propounded in *American Insurance Co*. *American Insurance Co*., 166 F. Supp. 3d at 1312.

In *Schaaf*, the Court held that the propounding party painted with "too broad a brush" when asking a single non-party to "search their personal and business records" to produce only documents within his present possession. *Id.* Here, Las Brisas has painted with the same brush, yet magnified the request by omitting any present or current possession qualification, nor has Las Brisas qualified its request with a particular recipient, as did the requesting party in *Schaaf*.

For the reasons articulated in *Schaaf* and *American Insurance Co.*, Las Brisas' Subpoena is overbroad and embodies a fishing expedition unsanctioned by Fed. R. Civ. P. 26(b)(1). The Subpoena is also inconsistent with this Court's prior order (ECF 88), and Las Brisas has not obtained any ruling from this Court that it is entitled to such a broad scope of discovery from Empire, much less a non-party like Vertex.

*2. Las Brisas and Vertex fully conferred about compliance with the Subpoena prior to Vertex having to file this motion to quash.*

As detailed above, Vertex timely produced in good-faith what it fairly believed to be material responsive to the request and contemplated by Fed. R. Civ. P. 26(b)(1), and Vertex and Las Brisas thoroughly discussed Vertex's significant issues and objections with the Subpoena as soon as Las Brisas first chose to review Vertex's production. Las Brisas has not been impacted or prejudiced in any way by any purported failure to timely object to the Subpoena (Motion at ¶ 10), and Las Brisas does not and cannot in good-faith claim otherwise.

*3. The Subpoena imposes an undue burden upon Vertex.*

Particular care is given to the inquiry into the burden a subpoena places upon a non-party, such as Vertex, such that it has been described as a "case-specific balancing test." *Schaaf*, WL 224616 at 2. In so considering, "with regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following facts: [1] relevance and the requesting party's need for the documents; [and] [2] the breadth of the document request and the time period covered by the request." *Great American Insurance Company v. Veteran's Support Organization*, 166 F. Supp. 3d 1303, 1312 (S.D. Fla. 2015). Additionally, when weighing the relative need for discovery against the burden placed upon the subpoena recipient, the recipient's status as a non-party is a factor "often weighing against disclosure." *Id.* (internal citations omitted); *see also Schaaf, WL 224616 at 2* (explaining that

"Courts must also consider the status of a witness as a non-party when determining the degree of burden.").

First, Las Brisas' Motion is devoid of any legal or factual argument establishing the relevance of the information sought by the Subpoena, as was Las Brisas' affirmative burden. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 425 (Fed. Cir. 1993); *see also Hogan v. Cleveland Ave Restaurant*, 2016 WL 7467968 at 2 (court finding "good cause" and granting motion to quash where propounding party "failed to establish the relevance of the information sought […]"). As the Courts have made clear, "[t]he party seeking to quash the subpoena bears the burden to establish that the information sought is protectable under Rule 45, but the party issuing the subpoena bears the burden of proving the requests are relevant." *M.W. Franchising USA, LLC v. M.W. Clinic of Boca Raton, LLC*, No. 8:11-CV-2437-T-30MAP, 2012 WL 12904394, at *2 (M.D. Fla. May 10, 2012). Las Brisas' complete failure to articulate either the relevance of the information sought, or the reason why it needs that information from Vertex, is starkly contrasted by the facts and law establishing the inappropriate burden the Subpoena places upon Vertex.

Moreover, while the Court and Vertex are left to speculate as to Las Brisas' "need" for "any and all files" pertaining to Vertex's retention by Empire for insurance claims resulting from Hurricane Irma, the breadth of that request is not speculative. It is clear, expansive, and only continues to expand as the request goes

on to seek "any and all correspondence" between any of Vertex's employees with any unidentified "person." "Correspondence" is further expanded to include any "text messages" between any employee and any unidentified person. For present purposes, the subject Subpoena is no different than the subpoena rejected in *American Insurance Co*.

Third, as established *supra*, the Subpoena clearly places an inappropriate burden upon Vertex, due to the inordinate time and expense of full compliance, coupled with the risk, uncertainty, and potential liability associated with Vertex producing documents and information in violation of its own contractual and legal duties and impacting Empire, Zurich, and other third parties' rights and obligations, as the Subpoena commands.

In short, Las Brisas seeks to place unfair cost and risk upon a non-party in an effort to financially underwrite a voyage to an unknown destination, for unknown purposes, apparently predicated upon a hope that it will somehow advance its legal position against Empire. Las Brisas can seek the same material from Empire, but in an effort to circumvent the Court's prior ruling and avoid having to properly litigate the scope of discovery between the parties, Las Brisas served the Subpoena upon a non-party, and now argues that Vertex's serious substantive objections should not be heard. The Court should not permit this, and in light of the clear fulfillment of the legal factors articulated above, the Court should quash the Subpoena.

## II. LAS BRISAS' MOTION TO COMPEL IS FACIALLY DEFICIENT

Las Brisas' Motion, aside from being filed in the wrong District Court (see footnote 1, *supra*), is devoid of facts or law explaining the propriety of the Subpoena or addressing Vertex's legitimate objections, and Las Brisas otherwise fails to meet its burden. "The proponent of a motion to compel bears the initial burden of proving that the information sought is relevant." *Bright v. Frix*, No. 8:12-CV-1163-T-35MAP, 2016 WL 1011441, at *1 (M.D. Fla. Jan. 22, 2016). Las Brisas was required to demonstrate to the Court the relevance of the material sought from Vertex, but also convince the Court the request is not "overbroad" and thereby "outside the scope permitted by Rule 26(b)(1). *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 618CV1149ORLWWBDCI, 2020 WL 9439380, at *4 (M.D. Fla. Feb. 26, 2020); *Meide v. Pulse Evolution Corp.*, No. 3:18-CV-1037-J-34MCR, 2019 WL 1518959, at *5 (M.D. Fla. Apr. 8, 2019)(the scope of discovery is not without limits).

However Las Brisas fails to provide any argument as to why its Motion should be granted, beyond the vague assertion that "Vertex has waived any objections it may have to the Subpoena." Motion at ¶ 11. This is legally insufficient and the Motion must be denied. *Arch Specialty Insurance Co., v. BP Investment Partners, LLC*, WL 9439380 (M.D. Fla. Feb. 26, 2020) (where "the Motion is due to be denied

because Defendant provides no argument demonstrating that the discovery is relevant and proportional to the needs of the case.”).

For all of these reasons, Las Brisas’ Motion must be denied.

## III. VERTEX’S ALTERNATIVE MOTION FOR PROTECTIVE ORDER

Should the Court deny Vertex’s motion to quash or grant Las Brisas’ Motion to any degree, Vertex requests a protective order pursuant to Rule 26(c), Fed. R. Civ. P., to protect Vertex from the undue burden, expense, risk, and liability associated with additional production pursuant to the Subpoena. The foregoing facts and argument clearly establish good cause for such relief, which is squarely within the Court’s power. *Meide*, WL 1518959, at *5.

As established above, Vertex must have the right and ability to, *inter alia*: (1) redact and/or remove confidential, personal / private, privileged, proprietary, and non-responsive material from project files and other responsive documents, (2) redact and/or remove confidential, private, privileged, and non-responsive materials in its employees’ “e-mails”, “text messages” and/or “voicemails”, (3) redact and/or remove insured names, addresses, and other private information, along with prices, rates, estimates, budgets, and other confidential and/or proprietary research, development, and/or commercial information, from responsive “invoices” and “billing records”, and (4) obtain (and/or permit Empire or Zurich to obtain) the required consents and authorizations from Empire and/or Zurich and/or their

insureds with respect to all confidential, private, and/or privileged documents and information responsive to the Subpoena.

Moreover, should the Court require production, Vertex specifically requests this Court permit additional briefing on detailed cost estimates and require Las Brisas to cover the associated costs with production, as outlined in the Vertex Declaration, pursuant to Fed. R. Civ. Pro 45(d)(1) & 26(c)(1)(B); *Spears v. City of Indianapolis*, 74 F.3d 153 (7th Cir. 1996). Vertex Decl. at ¶ ¶ 5-6.

**WHEREFORE**, The Vertex Companies, Inc., a non-party, respectfully requests that this Honorable Court grant its motion to quash the Subpoena, Deny Las Brisas' Motion, and grant Vertex attorney fees and costs associated herewith, pursuant to Fed. R. Civ. Pro 37(5)(B). Alternatively, Vertex respectfully requests that the Court enter a protective order described above, if Vertex must produce any more documents, and that Vertex's attorneys' fees and costs associated therewith be awarded, pursuant to Fed. R. Civ. Pro 45 and grant such other relief the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 3.01(g), on July 18, 2022 and July 20, 2022, the undersigned counsel conferred regarding the Motion and issues discussed above via telephone with Las Brisas' counsel, yet the parties were unable to resolve any such issues.

Dated this 25 day of July 2022.

/s/ Jonathan A. Stimler
**Jonathan A. Stimler, Esq.**
FL Bar No. 28515
jstimler@foley.com
**Wesley J. Martinez, Esq.**
FL Bar No. 1013924
wmartinez@foley.com
FOLEY & LARDNER LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
Telephone: 904.359.2000
Facsimile: 904.359.8700

*Attorneys for The Vertex Companies, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July, 2022, I caused to be electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record as identified on the Service List in the manner specified, either via transmission on Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ Jonathan A. Stimler
**Jonathan A. Stimler, Esq.**

**SERVICE LIST**
**United States District Court**
**Middle District of Florida**
**Fort Myers Division**

**Merlin Law Group, P.A.**
Shaun J. Marker, Esq.
Robert H. Gregory, Esq.
222 Lakeview Avenue, Ste.
1250 West Palm Beach, FL
33401

*Attorney for Plaintiff*
(**via CM/ECF**)

**Galloway, Johnson, Tompkins,**
**Burr & Smith, PLC**
J. Michael Grimley, Jr., Esq.
Edward n. Krakauer, Esq.
Jason D. Montes, Esq.
118 East Garden Street
Pensacola, FL 32502
*Counsel for Empire Indemnity*
*Insurance Company*
(**via CM/ECF**)