UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:21-cv-41-KCD

**LAS BRISAS CONDOMINIUM
HOMES CONDOMINIUM
ASSOCIATION, INC.,**

    **Plaintiff,**

v.

**EMPIRE INDEMNITY INSURANCE
COMPANY,**

    **Defendant.**
_____/

**PLAINTIFF'S MOTION TO COMPEL BETTER PRIVILEGE LOG**

Plaintiff, LAS BRISAS CONDOMINIUM HOMES CONDOMINIUM ASSOCIATION, INC. ("Plaintiff"), by and through the undersigned counsel hereby files this Motion to Compel Better Privilege Log, Empire Indemnity Insurance Company ("Defendant"), and in support thereof states as follows:

**I.    BACKGROUND**

1. On or about December 21, 2020, Plaintiff filed a Complaint for *Bad Faith* against Defendant alleging various statutory violations related to a claim for damages to real property reported under and through a contract of insurance with Defendant. This Complaint was filed in Lee County Circuit Civil State Court under case number 20-CA-008541, but later removed by Defendant to this Court.

2. On December 7, 2022, this Court held hearing on various deadlines and discovery issues, including hearing positions of the parties regarding the extent of

production related to document requests. During such time, the Court was advised of the significant redactions to said production being provided without a corresponding privilege log.

3. During the December 7th hearing, this Court instructed Defendant's counsel to provide a privilege log along with any rolling production in this case.

4. Since, a nine (9) page Privilege Log was provided asserting "Attorney-Client" and/or "Work Product" as privilege(s) for various documentation encompassed within the first 25,237 pages of production. *See, Defendant's Privilege Log dated December 21, 2022 attached hereto as Exhibit A.*

5. As significant portions of the requested documents are being withheld/redacted, Plaintiff seeks an Order from this Court compelling better privilege logs to accompany the rolling document production as it is produced to Plaintiff.

6. Since the documentation produced to date exceeds 25,000 pages, Plaintiff felt it prudent to provide various examples to the Court of the conduct found throughout rather than belaboring the Court's time with each and every instance within those 25,000 pages that fails to properly address, or appropriately identify, the document in conjunction with the asserted privilege(s).

**II.    ARGUMENT**

Rule 26(b) (1), Federal Rules of Civil Procedure, sets forth the general scope of discovery. It instructs that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed.R.Civ.P. 26(b)(1).

Accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible," *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985).

A party served with a request under Rule 34 must then respond to each item or category by either stating that it will produce copies of documents or electronically store information within a reasonable time or stating "**with specificity** the grounds for objecting to the request, **including the reasons**." See Fed. R. Civ. P. 34(b)(2)(B) (Emphasis added). If an objection is raised, it "must state whether any responsive materials are being withheld on the basis of that objection" and if only part of a request is objected to, the objection "must specify the part and permit inspection of the rest." See Fed. R. Civ. P. 34(b)(2)(C). Moreover, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).

Defendant's bulk assertion of privilege(s) to the various documentation appears to have no merit, or simply inhibits Plaintiff for being able to assess the privilege(s) asserted. Again, in an effort to avoid belaboring the Court's time with each and every instance within the produced 25,000 pages that fails to properly address, or appropriately identify, the document in conjunction with the asserted privilege(s), Plaintiff profers, as a sample of the assertions and discrepancies, the following examples:

- The documents at Bates EMPIRE_0000015 through EMPIRE_0000034, EMPIRE_0000136 though EMPIRE_0000138; EMPIRE_0000141 through EMPIRE_0000158 are completely redacted; full page, blacked out redaction. Plaintiff is unable to determine what is actually encompassed within these pages.

- Throughout the documentation reviewed to date, Defendant appears to have attempted redactions at every turn related to an insured and/or claimant name while only asserting the privilege(s) outlined in Paragraph 4 above. Plaintiff is unable to discern, within reason, the information being redacted as it appears to only be the names of an insured/claimant.

- Regarding documents identified in the Privilege Log as "Notes.pdf", Defendant appears to have arbitrarily chosen what to redact without regard for proper privilege(s). Point-in-case, at Bates EMPIRE_0000540 a "Note" was redacted well before the involvement of counsel and is labeled as "800 Reporting". This happens again at Bates EMPIRE_0002097 and EMPIRE_0002399 for additional examples. Plaintiff fails to see how the reporting notes for a claim would fall under any applicable privilege.

The primary purpose of a privilege log is to provide information about the nature of withheld documents sufficient to enable the receiving party to make an intelligent determination about validity of the assertion of privilege. Fed. R. Civ. P. 26(b)(5)(A); *see Wingo Holdings, LLC v. Northfield Ins. Co.*, No. 05 80587-CIV, 2006 WL 8433647, at *9 (S.D. Fla. Apr. 27, 2006). A privilege log is sufficient, even if not detailed, if it identifies the nature of each document for which privilege is claimed, the date of its transmission or

creation, the author and recipients, the subject, and the privilege asserted. *Id*. Defendant does not provide Plaintiff such courtesy. The provided Privilege Log asserts only privileges in bulk and not specific to each document with the ".pdf" identified on the Privilege Log.

These careless assertions of privilege, along with their respective redactions, are in derivation of the true purpose of discovery. Plaintiffs' requests are tailored, through numerous conferences with Defense counsel, to the issues before this Court. Plaintiff requires a more detailed and pointed Privilege Log to assess the assertion of the claimed privilege(s), of which, Plaintiff is already concerned about an improper assertion.

WHEREFORE, Plaintiff, LAS BRISAS CONDOMINIUM HOMES CONDOMINIUM ASSOCIATION, INC., hereby seek entry of an Order **(i)** granting this Motion, **(ii)** compelling Defendant to provide better privilege log(s) in conjunction with any document production; **(iii)** and for any other relief the Court deems just and proper.

**Local Rule 3.01(g) Certification**

Counsel for Plaintiff presented counsel for Defendant a copy of this motion via email on January 19, 2023. Despite cordial efforts, the Parties could not reach an agreement on the relief sought.

**CERTIFICATE OF SERVICE**

I Hereby Certify that on this 23rd day of January, 2023, I caused a true and correct copy of the foregoing document to be served via email to all counsel of record on the attached service list.

*/s/Shaun J. Marker*
Shaun J. Marker, Esq.
Florida Bar No.: 0017378

6

<u>SERVICE LIST</u>

LAS BRISAS CONDOMINIUM HOMES CONDOMINIUM ASSOCIATION, INC.

v.

EMPIRE INDEMNITY INSURANCE COMPANY

CASE NO. 2:21-cv-41-KCD
United States District Court, Middle District of Florida, Fort Myers Division

**J. Michael Grimley. Jr., Esq.**
**Edward Krakauer, Esq.**
Galloway, Johnson, Tompkins, Burr & Smith, PLC
118 East Garden Street
Pensacola, FL  32502
Telephone:  850-436-7000
Facsimile:  850-436-7099
Email:  mgrimley@gallowaylawfirm.com
ekrakauer@gallowaylawfirm.com
jmgservice@gallowaylawfirm.com
**Via CM/ECF**