UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAS BRISAS CONDOMINIUM
HOMES CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                        Case No.:  2:21-cv-41-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Empire Indemnity Insurance Company's Motion For Determination of Sufficiency of Proposed Privilege Log. (Doc. 187.) There is currently no dispute about the updated privilege log Empire has prepared in response to the Court's last discovery order. (*Id.* ¶ 18.) So Empire is essentially asking for an advisory opinion. This is not something the Court can do. *See, e.g.*, *Thigpen v. Smith*, 792 F.2d 1507, 1514 (11th Cir. 1986) ("Federal courts . . . have no authority to issue advisory or hypothetical decisions.").

That said, recognizing the considerable time and cost it will take Empire to complete a new privilege log, the Court offers the following brief observations about what has been submitted. Empire's proposed privilege log

(at least the brief portion given to the Court) appears to fit the parameters of what was ordered with one caveat.

"The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." *In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992). Thus, in order to claim attorney-client privilege, the proponent must prove that what is sought to be protected is (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client. "Privileged persons include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007).

Because the attorney-client privilege hinges on who has authored (and received) the withheld communication, a log asserting this privilege typically includes:

> (1) the name and job title or capacity of the author of the document; (2) the name and job title or capacity of each recipient of the document; (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s); (4) the title and description of the document; (5) the subject matter addressed in the document; (6) the purpose(s) for which it was prepared

2

or communicated; and (7) the specific basis for the claim that it is privileged.

*Arthrex, Inc. v. Parcus Med., LLC*, No. 2:11-CV-694-FTM-29, 2012 WL 3778981, at *5 (M.D. Fla. Aug. 31, 2012). The privilege log Empire submitted is missing this level of detail, which could pose a problem with assessing attorney-client privilege. Now perhaps the information above is readily discernable from the underlying documents. And if that is the case, Empire's privilege log may survive scrutiny. But by keeping the privilege log vague and not including the information typically found to address attorney-client privilege assertions, Empire runs the risk the log may need further editing again.

For these reasons, it is **ORDERED**:

1. Empire's Motion For Determination of Sufficiency of Proposed Privilege Log (Doc. 187) is **DENIED**.

**ENTERED** in Fort Myers, Florida on April 6, 2023.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

3