UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAS BRISAS CONDOMINIUM
HOMES CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                             Case No.:  2:21-cv-41-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

Before the Court is Plaintiff's Motion for Court Approval of Written Deposition Questions to Pablo Caceres, Esq. (Doc. 241.)[1] Attorney Caceres represented Defendant Empire Indemnity Insurance Company in connection with Las Brisas' insurance claim.

Important for our purposes, Empire sent Las Brisas a check for $207,313.21 but then denied coverage. In its response to Las Brisas' civil remedy notice, Empire explained that the check was sent in error, based on a misinterpretation of its engineering report. (Doc. 236-1 at 4.) To advance its bad-faith claim, Las Brisas has tried to discover who misinterpreted the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

engineering report, what mistake was made in interpreting the report, and how the mistake shaped and supported Empire's response. But it hasn't found answers to those questions though discovery directed at Empire.

So Las Brisas asked to depose Attorney Caceres, concluding he must have knowledge about what occurred with the engineering report. In response, Empire sought a protective order. (Doc. 233.) The Court granted the motion for protective order in part, but allowed Las Brisas to depose Caceres by written questions "regarding only his non-privileged, personal knowledge of the facts surrounding" the misinterpretation of Empire's engineering report that resulted in the erroneous check. (Doc. 238.) To ensure Las Brisas did not stray too far, the Court directed it to submit questions for review and approval. (*Id.* at 7.)

The Court has now reviewed Las Brisas' proposed questions. Questions 1, 9, 10, 11, 13, 14 and 15 may proceed and be issued to Caceres, who can answer with whatever objections or non-privileged information he has. (Doc. 238 at 7.) The Court denies Las Brisas' request to ask questions 2, 3, 8, 12, and 16 because they facially implicate the attorney-client privilege. Questions 3, 12, and 16 are also inappropriate because they seek opinion testimony. The Court also denies Las Brisas' request to ask questions 6 and 7 because the document speaks for itself. Finally, the Court denies Las Brisas' request to ask questions 4 and 5 because they are outside the scope of the Court's prior order.

It is thus **ORDERED**:

1. The Court **GRANTS** Las Brisas' request to serve Attorney Caceres with questions 1, 9, 10, 11, 13, 14 and 15.

2. Las Brisas is directed to serve those questions and a copy of this Order on Attorney Caceres in accordance the Federal Rules of Civil Procedure.

3. The Court **DENIES** Las Brisas' request to serve Attorney Caceres with questions 2, 3, 4, 5, 6, 7, 8, 12, and 16.

**ENTERED** in Fort Myers, Florida on May 31, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record