UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAS BRISAS CONDOMINIUM
HOMES CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                              Case No.:  2:21-cv-41-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Empire Indemnity Insurance Company's Motion in Limine to preclude Plaintiff Las Brisas Condominium Homes Condominium Association, Inc. from referencing or seeking certain categories of damages. (Doc. 253).[1] Las Brisas has responded in opposition. (Doc. 254.) For the reasons below, the motion is granted in part and denied in part.

### I. Background

This is a bad faith action stemming from an insurance dispute. Following Hurricane Irma, Las Brisas submitted an insurance claim for storm-related damage to its insurer, Empire. Within weeks of receiving the claim, Empire

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

sent a field adjuster to survey the damage. He reported "severe wind damage to tile roofs on all locations." (Doc. 206-4 at 37:17-38:2.) According to an email in Empire's file, he estimated the damage at $1 to $1.5 million. (*See* Doc. 254-1 at 10-11.)

Empire then retained a structural engineer to inspect the property. His report, in contrast, found no storm-related damage. The engineer attributed the roof problems to "foot traffic, wear and tear, [and] thermal expand and contraction." (Doc. 206-4 at 92:18-19.)

Unhappy with Empire's handling of its claim, Las Brisas filed a civil remedy notice ("CRN"), a statutory prerequisite to filing a bad faith claim, with the Florida Department of Financial Services. While the CRN was pending, Empire sent Las Brisas a check for $207,313.21. But several days later, Empire denied coverage. In response to the CRN, Empire explained the check was sent in error based on a misinterpretation of its engineer's report. (Doc. 236-1 at 4.) Unable to resolve the remaining claim, the parties went to appraisal, where Las Brisas obtained a $788,230.07 award. (Doc. 253-1 at 4.) This bad faith case followed. (Doc. 72.)

Las Brisas seeks several categories of damages. (*Id.* at 7.) Four are important here: delay damages, costs of appraisal, interest and prejudgment interest, and attorney's fees. (Doc. 253.) Empire moved for summary judgment on these damages, arguing they were not recoverable. (Doc. 209.) The Court

2

denied the motion, noting that "Empire's concerns about the relief sought are better addressed through motions in limine or jury instructions." (Doc. 221 at 3-4.)

So Empire retitled its motion for summary judgment and filed it as a motion in limine. (*Compare* Doc. 209, *with* Doc. 253.) Once again, it asks the Court to bar Las Brisas from "referencing or seeking" delay damages, prejudgment interest, attorney's fees, and the costs associated with appraisal at trial because "they are not recoverable as a matter of law." (Doc. 253 at 1.)

## II. Legal Standard

"A motion in limine is a motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *SFR Servs., LLC v. Lexington Ins. Co.*, No. 2:19-CV-229-FTM-29-NPM, 2021 WL 322367, at *1 (M.D. Fla. Feb. 1, 2021); *see also Variable Annuity Life Ins. Co. v. Laeng*, No. 8:12-CV-2280-T-33, 2013 WL 3992418, at *2 (M.D. Fla. Aug. 2, 2013) ("The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial."). "These motions are generally disfavored." *Dagostino v. Fed. Express Corp.*, No. 2:22-CV-447-JES-KCD, 2023 WL 5498862, at *1 (M.D. Fla. Aug. 25, 2023).

"Evidence is excluded upon a motion in limine only if [it] is clearly inadmissible for any purpose." *Id.* Admissibility is determined by looking to

the Federal Rules of Evidence. *See Goussen v. Mendez Fuel Holdings LLC*, No. 18-20012-CIV, 2018 WL 5831084, at *1 (S.D. Fla. Nov. 7, 2018). "Under the Federal Rules of Evidence, [r]elevant evidence is admissible unless it is prohibited by the United States Constitution, a federal statute, the Rules themselves, or other rules prescribed by the Supreme Court." *Id*. "The standard for what constitutes relevant evidence is a low one: evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Phalo*, 283 F. App'x 757, 760 (11th Cir. 2008).

"The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Dagostino*, 2023 WL 5498862, at *1. This is a high bar since there is a presumption that relevant evidence is admissible. *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1347 (S.D. Fla. 2010); *see also RJ's Int'l Trading, LLC v. Crown Castle S. LLC*, No. 20-25162-CIV, 2021 WL 6135137, at *1 (S.D. Fla. Dec. 2, 2021) ("Exclusion of relevant evidence is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility."). Unless the movant meets the "high standard" of showing that the evidence is categorically inadmissible, "evidentiary rulings should be deferred until trial

4

so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Dagostino*, 2023 WL 5498862, at *1.

That said, even where the movant fails to meet the high standard for a motion in limine, the evidence may still be excluded under Fed. R. Evid. 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Goussen v. Mendez Fuel Holdings LLC*, No. 18-20012-CIV, 2018 WL 5831084, at *1 (S.D. Fla. Nov. 7, 2018). In performing this balancing test, "the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds." *Gutierrez v. Galiano Enterprises of Miami, Corp.*, No. 17-24081-CIV, 2019 WL 3302325, at *1 (S.D. Fla. July 23, 2019).

"To be appropriate, motions in limine should address specific pieces of evidence that are inadmissible[.]" *RJ's Int'l Trading, LLC*, 2021 WL 6135137, at *1. They should not "serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Id.*; *see also McHale v. Crown Equip. Corp.*, No. 8:19-CV-707-VMC-SPF, 2021 WL 4527509, at *1 (M.D. Fla. Oct. 1, 2021) ("A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried."). "Motions that fail to

5

identify specific pieces of evidence may be better suited to be presented as objections at trial." *RJ's Int'l Trading, LLC*, 2021 WL 6135137, at *2.

"Denial of [a motion in limine] means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Gonzalez*, 718 F. Supp. 2d at 1345. It "does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id*. And, "[i]n light of the preliminary or preemptive nature of motions in limine, any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited." *Holley v. Carnival Corp.*, No. 20-CV-20495, 2021 WL 5299836, at *1 (S.D. Fla. Nov. 15, 2021).

### III. Discussion

#### A. Delay Damages

Las Brisas seeks $711,769.93 in delay damages. (Doc. 253-2 at 3.) This represents the difference between the high-end of Empire's field adjuster's estimate to replace Las Brisas' roofs and the appraisal award Las Brisas received. (*Id*.) Empire raises two intertwined arguments to preclude evidence of these damages at trial. (Doc. 253 at 7.)

First, Empire contends that evidence of its field adjuster's estimate is "irrelevant" because the policy language confirms "the binding nature of the appraisal award[.]" (*Id*. at 12.) Empire's argument boils down to this: Las

6

Brisas sought a $1.5 million roof replacement at appraisal, the appraisal panel awarded a lesser amount, that decision binds the parties, so Las Brisas may not come to this Court to obtain the un-awarded difference. (*Id.* at 7-12.)

Empire is correct that the appraisal process is a binding determination of the damages owed under the policy. *See Wood v. GeoVera Specialty Ins. Co.*, No. 2:23-CV-294-JLB-NPM, 2024 WL 3952571, at *5 (M.D. Fla. Aug. 26, 2024) (explaining that "[i]f a court decides that coverage exists" for a claim under a policy, "the dollar value agreed upon under the appraisal process [will] be binding upon both parties"). The appraisal panel rejected Las Brisas' claim for a $1.5 million roof replacement, awarding it $788,230.07 to perform repair work. (*See* Doc. 253-1 at 94-95.) Allowing Las Brisas to relitigate its entitlement to the difference would obviate the parties' contact and subvert the appraisal process. *See Wood*, 2024 WL 3952571, at *5. As a result, Las Brisas' method for calculating its delay damages is fundamentally flawed. *In re Simmons*, 520 B.R. 136, 141 (Bankr. M.D. Fla. 2014) ("Damages for a bad faith claim are limited to actual damages ***caused by the delay*** in payment on the underlying insurance settlement." (emphasis added)). The Court therefore agrees that Las Brisas may not relitigate its entitlement to the $711,769.93 by labeling it "delay damages."

That said, Las Brisas may still pursue delay damages. Invoking appraisal and timely paying an award will not prevent a bad faith claim where

7

an insurer "exercise[es] its contractual rights to an appraisal in an effort to delay inevitable payment." *316, Inc. v. Maryland Cas. Co.*, 625 F. Supp. 2d 1187, 1194-95 (N.D. Fla. 2008); *see also Fox Haven of Foxfire Condo. IV Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:13-CV-399-FTM-29CM, 2015 WL 667935, at *5 (M.D. Fla. Feb. 17, 2015). Therefore, Las Brisas may introduce evidence that the appraisal process was done in bad faith, causing damages by delay or expense.

That evidence includes the contested June 2018 email between Kathy Kim and Deborah Pruitt. The email appears relevant since it suggests Empire knew Las Brisas suffered significant wind damage within weeks of receiving the claim and may have invoked appraisal to delay an inevitable payment. *See Phalo*, 283 F. App'x at 760. And Empire has not otherwise shown that the email is "clearly inadmissible for any purpose." *Dagostino*, 2023 WL 5498862, at *1.

That brings us to Empire's second argument: Las Brisas is misrepresenting the 2018 email to suggest Empire delayed an inevitable payment and allowing them to continue making this argument "would only confuse the jury[.]" (Doc. 253 at 12.) Empire has not shown that the email's "probative value is substantially outweighed by a danger of . . . misleading the jury[.]" *Goussen*, 2018 WL 5831084, at *1. Rather, it simply asserts the point. "The Court refuses to entertain such a perfunctory argument. In our adversarial system, a claimant must present [its] case. It is not a court's job to

8

conduct research to provide the proper support for [conclusory] arguments." *Herman v. Mr. Cooper Grp. Inc.*, No. 2:23-CV-948-JES-KCD, 2024 WL 3277021, at *1 (M.D. Fla. July 2, 2024).

Empire has not shown the evidence supporting Las Brisas' alleged delay damages is inadmissible or worthy of exclusion under Rule 403. *See Dagostino*, 2023 WL 5498862, at *1; *Goussen*, 2018 WL 5831084, at *1. Thus, Court will not preclude Las Brisas from "referencing [its] alleged delay damages" beyond what is delineated above. (Doc. 253 at 12.)

**B. Costs Associated with Appraisal and Retaining an Umpire**

A plaintiff bringing a bad faith claim under § 624.155 may recover "those damages which are a reasonably foreseeable result of" the insurer's bad faith. Fla. Stat. § 624.155(11). According to Las Brisas, that includes appraisal expenses. (*See* Doc. 72 at 7.) It contends Empire knew appraisal was inappropriate—because they disputed coverage, rather than the amount of loss—but paid Las Brisas $207,313.21 under false pretenses to force the matter into alternative dispute resolution. (*See id.*; Doc. 254 at 8-10.)

Even so, according to Las Brisas' policy, appraisal expenses must be split equally among the parties. (Doc. 253-1 at 50.) Citing that policy provision and the case *316, Inc. v. Maryland Cas. Co.*, Empire contends Las Brisas cannot recover its appraisal costs. (*Id*. at 13-14.)

9

Empire does not identify specific evidence that it believes should be excluded as irrelevant or inadmissible. (*See Id.*) Instead, it asks the Court to preclude Las Brisas from recovering an entire class of damages and exclude all evidence that would be used to support its claim for entitlement. (*See Id.*) That is not the proper use of a motion in limine. *RJ's Int'l Trading, LLC*, 2021 WL 6135137, at *1; *McHale*, 2021 WL 4527509, at *1. A court cannot grant a motion in limine "without knowing the specific evidence [Empire] seeks to exclude." *RJ's Int'l Trading, LLC*, 2021 WL 6135137, at *1-2.

Empire's motion was doomed from the start. Because it is an apparition of the summary judgment motion, it is a motion in limine in name only. (*Compare* Doc. 209, *with* Doc. 253.) As a result, it leans heavily on *316, Inc. v. Maryland Cas. Co.*, a decision analyzing a motion for summary judgment. But the analytical framework applied to a motion for summary judgment has little application to the matter at hand. The question before this Court is not whether a "reasonable jury could return a verdict for" Las Brisas, but whether certain "evidence is clearly inadmissible for any purpose." *Dagostino*, 2023 WL 5498862, at *1; *see also Do v. Geico Gen. Ins. Co.*, No. 1:17-CV-23041-JLK, 2019 WL 331295, at *2 (S.D. Fla. Jan. 25, 2019).

There are also important factual differences that make *316, Inc.* a poor analogue. For instance, Las Brisas seeks reimbursement of its appraisal costs because it believes Empire invoked appraisal in bad faith to delay payment,

making the process illusory. (*See* Doc. 72 at 7; Doc. 254 at 8-12.) The plaintiff in *316, Inc.* did not make a similar allegation. 625 F. Supp. 2d at 1195. Even more problematic, the court in *316, Inc.* concluded that the underlying bad faith claim was "meritless" before addressing the plaintiff's entitlement to costs associated with the appraisal process. *Id*. So it did not consider whether appraisal costs could be recovered when they are "a reasonably foreseeable result" of an illusory process. Fla. Stat. § 624.155(11); *see also 316, Inc.*, 625 F. Supp. 2d at 1196 ("As discussed previously, as a matter of law Plaintiff is not entitled to recover under this statute. Without the Civil Remedy Statute, Plaintiff is not entitled to umpire and appraiser fees."). This Court has not made a similar determination on the merits. Because the decision in *316, Inc.* misses the mark both factually and analytically, it is unpersuasive.

Empire has not met its burden of showing that Las Brisas is categorically barred from recovering appraisal costs. *See Dagostino*, 2023 WL 5498862, at *1; *Goussen*, 2018 WL 5831084, at *1. Thus, the Court will not preclude Las Brisas from "referencing any damages associated with the appraisal process, including umpire costs" as allowed under Florida law. (Doc. 253 at 14.)

### C. Legal/Pre-Judgment Interest on the Difference Between the Insurer's Initial Payment and Appraisal Award

As mentioned, Las Brisas seeks "[i]nterest and pre-judgment interest." (Doc. 72 at 7.) Empire contends these costs are unavailable because "[a]n

11

insured is only entitled to prejudgment interest on the amount of the appraisal award that was not timely paid to [it] by the insurer from the date such payment beca[me] due under the terms of the policy[.]" (Doc. 253 at 15.) And it timely paid the appraisal award. (*Id.* at 15-17.)

Again, Empire does not identify specific evidence related to Las Brisas' request for interest and prejudgment interest that it believes is irrelevant or inadmissible. Instead, it asks for something akin to summary judgment. (*See Id.* at 14-17.)

In any case, Empire is incorrect that an insured is "only entitled to prejudgment interest on the amount of the appraisal award that was not timely paid to him." (Doc. 253 at 15.) Empire relies on *Sunshine State Ins. Co. v. Davide* for this proposition. (*Id.* (citing 15 So. 3d 749, 750 (Fla. Dist. Ct. App. 2009))). But that case did not address a bad faith action under § 624.155. It was a "suit to confirm [an] appraisal award." *Id.* Thus, the court did not address whether interest and prejudgment interest could be awarded from a bad faith claim, making it inapposite here.

Moreover, Empire ignores Florida Statute § 627.70131, which provides:

> Any payment of an initial or supplemental claim or portion of such claim made 60 days after the insurer receives notice of the claim, or made after the expiration of any additional timeframe provided to pay or deny a claim or a portion of a claim made pursuant to an order of the office finding factors beyond the control of the insurer, whichever is later, bears

12

> interest at the rate set forth in s. 55.03. ***Interest begins to accrue from the date the insurer receives notice of the claim. The provisions of this subsection may not be waived, voided, or nullified by the terms of the insurance policy***.

Fla. Stat. § 627.70131(7)(a) (emphasis added). This provision "can serve to bind the insurer . . . in response to a . . . bad faith claim," even where the pleadings do not mention the statute. *Newman v. Am. Home Assurance Co., Inc.*, No. 22-CV-20979-JB, 2024 WL 1209801, at *5, 6 (S.D. Fla. Mar. 20, 2024); *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-CIV, 2016 WL 4574919, at *4 (S.D. Fla. Sept. 1, 2016) ("Florida Statute § 627.70131 . . . applies when a claimant raises a bad faith claim against an insurer.").

Empire's conduct appears to fall within the ambit of § 627.70131(7)(a). Las Brisas reported the loss on June 6, 2018, but Empire did not tender any payment for more than five months. (Doc. 253 at 2.) As a result, Las Brisas can seemingly claim statutory interest that is "a reasonably foreseeable result of" Empire's bad faith delay in resolving the claim.

Again, Empire has not met its burden to exclude evidence supporting Las Brisas' request for interest. *See Dagostino*, 2023 WL 5498862, at *1; *Goussen*, 2018 WL 5831084, at *1. Thus, Court will not preclude Las Brisas from referencing such damages as allowed under Florida law.

13

**D. Attorney's Fees**

Finally, Las Brisas seeks "reasonable fees and costs . . . pursuant to Florida Statute Section 624.155." (Doc. 72 at 7.) That statute provides, "[u]pon adverse adjudication at trial or upon appeal, the authorized insurer shall be liable for damages, together with court costs and reasonable attorney fees incurred by the plaintiff." Fla. Stat. § 624.155(7); *see also Pearce v. Integon Preferred Ins. Co.*, No. 618-cv-1852-Orl-22KRS, 2019 WL 5294947, at *4 n.7 (M.D. Fla. Jan. 3, 2019) ("Florida's bad faith statute allows Plaintiff[s] to recover attorney's fees from the Coverage Litigation as consequential damages.").

Empire makes several arguments in opposition. (*See* Doc. 253 at 17-18.) First, it cites *Nationwide Property & Casualty Ins. v. Bobinski* for the proposition that "attorney's fees are not warranted where the insurer pays the appraisal award before the insured files suit." (*Id*. at 17 (citing 776 So.2d 1047, 1048-49 (Fla. Dist. Ct. App. 2001))). Second, it cites *Tristar Lodging, Inc., v. Arch Specialty Ins. Co.*, for the proposition that an award of attorney's fees is "not warranted where the insurance company did not wrongfully withhold the insured's benefits." (*Id*. at 17-18 (citing 434 F. Supp. 2d 1286, 1300 (M.D. Fla. 2006))). Finally, relying on *Federated Nat'l. Ins. Co. v. Esposito*, Empire claims that "attorney's fees should not be awarded when the insurance company timely participated in the appraisal and paid the award without the need for

14

court intervention." (*Id*. at 17-18 (citing 937 So.2d 199, 200 (Fla. Dist. Ct. App. 2006))). None of these decisions are instructive.

The plaintiffs in *Bobinski*, *Tristar Lodging, Inc.*, and *Esposito* did not bring bad faith claims under § 624.155. Instead, they sought attorney's fees under a "general insurance statute" that has since been repealed. *See 316, Inc.*, 625 F. Supp. 2d at 1196 (describing § 627.428 as "the general insurance statute"). Empire does not explain how the cases cited govern this Court's interpretation of § 624.155. Again, it is not the Court's job to research and present Empire's case. *See Herman*, 2024 WL 3277021, at *1.

Empire has not met its burden to exclude evidence supporting Las Brisas' request for attorney's fees. *See Dagostino*, 2023 WL 5498862, at *1; *Goussen*, 2018 WL 5831084, at *1. Thus, the Court will not preclude Las Brisas from referencing damages associated with its attorney's fees and costs as permitted under Florida law. *See Royal Marco Point I Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 3:07 CV 16, 2010 WL 2757240, at *3 (M.D. Fla. July 13, 2010) (holding that damages under the bad faith statute include "reasonable attorney's fees incurred in both the bad faith litigation and in the resolution of the underlying claim as a result of the insurer's conduct in delaying payment").

Accordingly, it is **ORDERED**:

1. Defendant Empire Indemnity Insurance Company's Motion in Limine (Doc. 253) is **GRANTED in PART and DENIED in PART**.

2. Empire's request for an order precluding Las Brisas from "recovering or referencing [its] alleged delay damages" is **GRANTED** to the extent Las Brisas may not argue that they amount to $711,769.93–the difference between the high-end of Empire's field adjuster's estimate and the arbitration award it received. Empire's request is otherwise **DENIED**.

3. Empire's request for an order precluding Las Brisas from "recovering or referencing any damages associated with the appraisal process, including umpire costs" is **DENIED**.

4. Empire's request for an order precluding Las Brisas from "recovering or referencing any legal/pre-judgment interest" is **DENIED**.

5. Empire's request for an order precluding Las Brisas from recovering or referencing any damages associated with its attorney's fees and costs is **DENIED**.

**ENTERED** in Fort Myers, Florida on October 1, 2024.

Kyle C. Dudek
United States Magistrate Judge

16