UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAS BRISAS CONDOMINIUM
HOMES CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

Case No. 2:21-CV-41-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant,
_____/

## **ORDER**

This case stems from Hurricane Irma. At the time of the storm, Plaintiff Las Brisas Condominium Association held an insurance policy with Defendant Empire Indemnity Insurance Company. (Doc. 81 ¶ 8.)[1] Las Brisas allegedly suffered roof damage during the hurricane and submitted a claim. According to the complaint, Empire adjusted the claim in bad faith by dragging its feet to limit its exposure after its field adjuster reported significant damage to the property. (Doc. 72.)

With trial proceeding next month, Las Brisas moves in limine to "preclude[e] testimony from witnesses with no personal knowledge." (Doc. 263.) According to Las Brisas, Empire "may seek to introduce trial testimony

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

from . . . a number of corporate representatives [who] have [no] direct personal knowledge regarding the facts." (*Id.* at 2.)[2]

A motion in limine, "whether made before or during trial, [seeks] to exclude anticipated prejudicial evidence before [it] is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Exclusion of relevant evidence "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010).

"Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018). "To be appropriate, motions in limine should address specific pieces of evidence that are inadmissible on any relevant ground." *Holley v. Carnival Corp.*, No. 20-CV-20495, 2021 WL 5299836, at *4 (S.D. Fla. Nov. 15, 2021).

---

[2] Las Brisas's motion is not paginated. The Court thus cites the page numbers generated by its electronic filing system.

Las Brisas's motion does not identify any particular testimony (or even witness) that should be excluded. Instead, it seeks to enforce the general rule that testimony must be based on personal knowledge. *See* Fed. R. Evid. 602. Where a motion in limine "lacks the necessary specificity with respect to the evidence to be excluded," as here, the issue is best deferred until trial to allow questions about foundation, relevancy, and prejudice. *Mowbray v. Carnival Corp.*, No. 08-20931-CIV, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009). The Court will entertain objections to individual witnesses and proffers as they arise at trial. *See, e.g.*, *Radke v. NCL (Bahamas) Ltd.*, No. 19-CV-23915, 2021 WL 1738928, at *2 (S.D. Fla. May 3, 2021). Las Brisas's Motion in Limine Precluding Testimony from Witnesses with no Personal Knowledge (Doc. 263) is thus **DENIED WITHOUT PREJUDICE**.

**ORDERED** in Fort Myers, Florida on January 10, 2025.

Kyle C. Dudek
United States Magistrate Judge