UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAS BRISAS CONDOMINIUM
HOMES CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

                        Case No. 2:21-cv-41-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant,
_____/

# ORDER

    This bad-faith case stems from Hurricane Irma. At the time of the storm, Plaintiff Las Brisas Condominium Association held an insurance policy with Defendant Empire Indemnity Insurance Company. (Doc. 81 ¶ 8.)[1] Las Brisas allegedly suffered roof damage during the hurricane and submitted a claim. According to the complaint, Empire acted in bad faith by "delaying the adjustment process [and] mishandling [the] claim." (Doc. 72 ¶ 29.)

    Now before the Court is Empire's Motion in Limine Preventing Plaintiff from Referring to Empire's Gratuitous Payment as Being a Bad Faith Practice. (Doc. 265.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

Here are the relevant facts. Shortly after receiving Las Brisas's claim, Empire sent a field adjuster to survey the damage. He reported "severe wind damage to tile roofs on all locations." (Doc. 206-4 at 37:17-38:2.) According to an email in Empire's file, he estimated the damage at $1 to $1.5 million. (*See* Doc. 254-1 at 10-11.)

Empire then retained a structural engineer to inspect the property. His report, in contrast, found no storm-related damage. The engineer attributed the roof problems to "foot traffic, wear and tear, [and] thermal expan[sion] and contraction." (Doc. 206-4 at 92:18-19.)

Unhappy with Empire's assessment, Las Brisas filed a civil remedy notice ("CRN")—a statutory prerequisite to filing a bad-faith claim—with the Florida Department of Financial Services. While the CRN was pending, Empire advised Las Brisas that payment on the claim was forthcoming. A check for $207,313.21 soon followed. Several days later, however, Empire denied coverage. In response to the CRN, Empire explained that the check was sent in error based on a misreading of its engineer's report. (Doc. 236-1 at 4.) As Empire puts it, "[d]espite learning . . . there was no wind damage, thereby entitling Empire to deny payment on this claim," the check was sent to honor the "the initial representation payment would be forthcoming." (Doc. 265 at 8.)

Unable to resolve the remaining balance on the claim, Empire demanded appraisal. (Doc. 265 at 2.) The appraisal panel awarded Las Brisas $788,230.07, which Empire timely paid under the policy. (Doc. 253-1 at 4.) This bad-faith suit followed. (Doc. 72.)

## II. Legal Standard

"A motion in limine is a motion, whether made before or during trial, to exclude anticipated prejudicial evidence before [it] is actually offered." *SFR Servs., LLC v. Lexington Ins. Co.*, No. 2:19-CV-229-FTM-29-NPM, 2021 WL 322367, at *1 (M.D. Fla. Feb. 1, 2021); *see also Variable Annuity Life Ins. Co. v. Laeng*, No. 8:12-CV-2280-T-33, 2013 WL 3992418, at *2 (M.D. Fla. Aug. 2, 2013) ("The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial.").

"Evidence is excluded upon a motion in limine only if [it] is clearly inadmissible for any purpose." *Dagostino v. Fed. Express Corp.*, No. 2:22-CV-447-JES-KCD, 2023 WL 5498862, at *1 (M.D. Fla. Aug. 25, 2023). There is a presumption that relevant evidence is admissible. *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1347 (S.D. Fla. 2010). Unless the movant meets the "high standard" of showing that the evidence is categorically inadmissible, "evidentiary rulings should be deferred until trial so that questions of

foundation, relevancy, and potential prejudice may be resolved in proper context." *Dagostino*, 2023 WL 5498862, at *1.

"To be appropriate, motions in limine should address specific pieces of evidence that are inadmissible[.]" *RJ's Int'l Trading, LLC v. Crown Castle S. LLC*, No. 20-25162-CIV, 2021 WL 6135137, at *1 (S.D. Fla. Dec. 2, 2021). They should not "serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment." *Id.*; *see also McHale v. Crown Equip. Corp.*, No. 8:19-CV-707-VMC-SPF, 2021 WL 4527509, at *1 (M.D. Fla. Oct. 1, 2021) ("A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried."). "Motions that fail to identify specific pieces of evidence may be better suited to be presented as objections at trial." *RJ's Int'l Trading, LLC*, 2021 WL 6135137, at *2.

"Denial of [a motion in limine] means the court cannot determine whether the evidence in question should be excluded outside the trial context." *Gonzalez*, 718 F. Supp. 2d at 1345. It "does not necessarily mean that all evidence contemplated by the motion will be admitted." *Id.* And, "[i]n light of the preliminary or preemptive nature of motions in limine, any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited." *Holley v.*

4

*Carnival Corp.*, No. 20-CV-20495, 2021 WL 5299836, at *1 (S.D. Fla. Nov. 15, 2021).

### III. Discussion

Empire claims that Las Brisas will argue its mistaken payment was an act of bad faith. Specifically, the payment was "undertaken to proceed to some illusory appraisal." (Doc. 265 at 2.) But this theory, according to Empire, is "intellectually absurd" and unsupported by any evidence. (*Id.* at 3.) Thus, Empire seeks "an order [in limine] precluding [reference] to Empire's gratuitous payment as a bad faith practice." (*Id.* at 20.)

Empire has over-expanded what a motion in limine can do. A motion in limine is designed to exclude improper evidence, "not to determine the sufficiency of the evidence or merits of an issue." *Soliday v. 7-Eleven, Inc.*, No. 2:09-CV-807-FTM-29, 2011 WL 1837807, at *1 (M.D. Fla. Apr. 20, 2011). The substance of Empire's motion—Las Brisas's bad-faith theory cannot proceed because it lacks evidence and is otherwise legally unsound—falls into the latter category. "A motion in limine is not the proper vehicle to resolve substantive issues [or] test issues of law." *Dick's Sporting Goods, Inc. v. Forbes/Cohen Fla.*

*Properties, L.P.*, No. 20-CV-80157, 2024 WL 4003728, at *1 (S.D. Fla. Aug. 26, 2024).[2]

Setting aside any procedural deficiency with Empire's motion and considering the merits, we arrive at the same place. Even if the Court agreed that Las Brisas's theory "is intellectually absurd," it's not so deficient that it must be stricken. The gist of Las Brisas's claim (as best the Court can understand) is that Empire made the initial payment so it could invoke appraisal and stall paying the remaining damages it knew were covered. This is a viable theory considering Empire's initial adjuster reported significant storm damage well above the payment. *See 316, Inc. v. Maryland Cas. Co.*, 625 F. Supp. 2d 1187, 1194-95 (N.D. Fla. 2008) (invoking appraisal and timely paying an award will not prevent a bad-faith claim where the insurer "exercise[es] its contractual rights to an appraisal in an effort to delay inevitable payment"). Whether Empire made the initial payment as a mistake (as it argues) or with nefarious intent to delay further reimbursement (as Las Brisas argues) is a question for the jury, not the Court. *See Fox Haven of Foxfire Condo. IV Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:13-CV-399-FTM-

---

[2] Empire previously moved for summary judgment, which the Court rejected because its arguments targeted the damages sought and were "not dispositive of . . . liability as to a certain claim" or defense. (Doc. 221 at 2.) Empire was instructed to seek relief "through motions in limine or jury instructions." (*Id.* at 3.) But a motion in limine is not proper now that Empire *is* seeking to dispose of a substantive claim.

29CM, 2015 WL 667935, at *5-6 (M.D. Fla. Feb. 17, 2015) ("There is no precise definition of good faith in the context of settling insurance claims. Instead, the trier of fact must assess the totality of the circumstances to determine whether the insurer has satisfied its duty . . . to timely evaluate and pay benefits owed on the insurance policy.").

Accordingly, Empire's Motion in Limine Preventing Plaintiff from Referring to Empire's Gratuitous Payment as Being a Bad Faith Practice (Doc. 265) is **DENIED**.

**ORDERED** in Fort Myers, Florida on January 10, 2025.

Kyle C. Dudek
United States Magistrate Judge